IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**
                Plaintiff,

vs.                                No. CIV 05-01350BB/LCS

**FERNANDO MANCHA-VILLEGAS,**
                Defendant.

**DEFENDANT'S PROPOSED FINDINGS OF FACT
AND CONCLUSIO9NS OF LAW**

**COMES NOW** the Defendant, **FERNANDO MANCHA-VILLEGAS,** by his attorney, Armando Torres and respectfully proposes the following Findings of Fact and Conclusions of Law.

**PROPOSED FINDINGS OF FACT**

1. On October 24, 2004, the defendant, **FERNANDO MANCHA-VILLEGAS**, pleaded guilty to a one count indictment charging the defendant with a violation of 8 U.S.C. § 1326(a)(1) and (2) and 1326 (b)(2),: illegal reentry after deportation subsequent to a conviction of an aggravated felony.

2. Following the defendant's entry of a guilty plea the U.S. Probation department conducted a presentence investigation, and prepared a presentence report.. As a result of the investigation, the defendant was found to have an offense level of 24, minus three (3) levels for acceptance of responsibility, giving him a guideline level of 21.

3. On March 7, 2005, pursuant to the guideline level of 21, the defendant was sentenced to a term of seventy seven (77) months with the bureau of prisons.

4. At the conclusion of the sentencing hearing, but prior to the removal of the defendant from the courtroom, counsel for the defendant John Robbenhaar, Esq., advised the defendant that he had ten (10) days from the entry of the Judgement to file an appeal of the decision of the Court.

5. On the day of his sentencing, the defendant, **FERNANDO MANCHA-VILLEGAS**, did not indicate to Mr. Robbenhaar, whether or not he wanted to pursue an appeal of the sentence that had been imposed.

6. On March 16, 2005, Mr. Robbenhaar spoke to the defendant by telephone and again discussed the appellate rights of the defendant.

7. During the telephone conversation, Mr. Mancha-Villegas asked Mr. Robbenhaar for his professional opinion on pursing an appeal of the sentenced imposed by Judge Bruce Black.

8. Mr. Robbenhaar advised Mr. Mancha-Villegas, that it was his professional opinion, that Mr. Mancha-Villegas not pursue an appeal, from the sentence imposed, because it would not change the Judge's mind and the sentence would remain the same.

9. The defendant has a limited education, no knowledge of the law or the court system and cannot speak, read or write in the English language.

9  Although the defendant wanted to pursue an appeal, he took the advise of his attorney and did not tell Mr. Robbenhaar to pursue the appeal of his case.

## PROPOSED CONCLUSIONS OF LAW

1. Venue is properly laid in this Court.

2. The defendant Mancha-Villegas' decision to not pursue an appeal was not a knowing and voluntary desire not to appeal the sentence imposed by the Court, but merely an act of following his attorney's advise.

3. Counsel's representation of the defendant fell below an objective standard of reasonableness.

4. The failure to pursue the appeal resulted in the defendant receiving ineffective assistance of counsel and the defendant thereby suffered prejudice.

TORRES and GARDE, P.C.

By:  *Electronically Filed this August 14, 2006 by*
Armando Torres
Attorney at Law
P.O. Box 1420
Los Lunas, New Mexico 87031
Telephone: (505) 865-0565

I hereby certify that a true copy
of the foregoing Motion was mailed to
opposing counsel of record this
August 14, 2006

By: *Electronically Filed this August 14, 2006 by*
  Armando Torres