IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | CIVIL NO.   05-1350 BB/LCS |
| | ) | CRIM. NO.   04-1852  JB |
| vs. | ) | |
| | ) | |
| FERNANDO MANCHA-VILLEGAS, | ) | |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

THE UNITED STATES' PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW

On July 10, 2005, this Court order the United States to submit proposed findings of fact and conclusions of law in the above referenced case.[1]  The following is submitted.

I.  Findings of Fact

1.  On October 26, 2004, Movant Fernando Mancha-Villegas pled guilty an indictment charging a violation of 8 U.S.C. §§ 1326(a)(1), (2) and (b)(2).  Mancha was represented by CJA Panel Attorney John Robbenhaar.

2.   John Robbenhaar filed a sentencing memorandum with this Court seeking a deviation from the advisory sentencing guidelines and raised several arguments in support of a deviation based on the factors set forth in 18 U.S.C. § 3553(a) and also based on the argument

---

[1] This Court ordered the parties to submit findings of fact and conclusions of law by August 14, 2006.  This case was originally assigned to Assistant United States Attorney William Plugraph who on active duty in the United States Navy.  The case was reassigned to the undersigned Assistant United States Attorney this week.  Nonetheless, the undersigned Assistnat United States Attorney apologizes for the tardy submission.

Mancha's criminal history category over-represented his criminal conduct.

3.   On March 7, 2005, this Court rejected Mancha's arguments for a deviation and sentenced Mancha to 77 months in prison, the lowest end of the advisory sentencing guideline range.  Mancha was again represented by John Robbenhaar.

4.   Mancha did not appeal.

5.   John Robbenhaar has been a licensed attorney in the State of New Mexico since 1995 and, during the last ten years, has handled hundreds of criminal cases and has represented hundreds of criminal defendants.

6.   John Robbenhaar is familiar with the Federal Rules of Criminal Procedure and the Federal Rules of Appellate procedure.

7.   John Robbenhaar discussed with Mancha the possibility of filing an appeal of the sentence imposed by this Court and informed Mancha of his right to appeal.

8.   John Robbenhaar informed Mancha that his chances of obtaining a reversal from the Tenth Circuit Court of Appeals were slim, but informed Mancha that it was his, Mancha's, decision as to whether or not an appeal should be taken.

9.   John Robbenhaar did not try to dissuade Mancha from taking an appeal and agreed to file a notice of appeal if Mancha wanted to appeal

10.   Mancha did not inform John Robbenhaar that he wished to appeal the sentence imposed by this Court.

11.   John Robbenhaar's testimony before this Court is credible.

12.   Mancha's testimony before this Court is incredible.

## II.  Conclusions of Law

1. John Robbenhaar performed more than adequately at all times in representing Mancha.

2. John Robbenhaar was not constitutionally ineffective in failing to file a notice of appeal because Mancha did not inform John Robbenhaar that he wished to appeal.

3. Mancha also suffered no prejudice as a result of his decision not to appeal because, as observed by John Robbenhaar, Mancha had no appealable issue.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

    Filed Electronically    
NORMAN CAIRNS
Assistant United States Attorney
Post Office Box 607
Albuquerque, NM 87103
(505) 346-7274

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was faxed to counsel for Movant/ Defendant Fernando Mancha-Villegas, Armando Torrez, this 16th day of August 2006.

    Filed Electronically    
NORMAN CAIRNS
Assistant United States Attorney

IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | CIVIL NO.   05-1350 BB/LCS |
| | ) | CRIM. NO.   04-1852 JB |
| vs. | ) | |
| | ) | |
| FERNANDO MANCHA-VILLEGAS, | ) | |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

THE UNITED STATES' PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW

On July 10, 2005, this Court order the United States to submit proposed findings of fact and conclusions of law in the above referenced case.[1] The following is submitted.

I. Findings of Fact

1. On October 26, 2004, Movant Fernando Mancha-Villegas pled guilty an indictment charging a violation of 8 U.S.C. §§ 1326(a)(1), (2) and (b)(2). Mancha was represented by CJA Panel Attorney John Robbenhaar.

2. John Robbenhaar filed a sentencing memorandum with this Court seeking a deviation from the advisory sentencing guidelines and raised several arguments in support of a deviation based on the factors set forth in 18 U.S.C. § 3553(a) and also based on the argument

---

[1] This Court ordered the parties to submit findings of fact and conclusions of law by August 14, 2006. This case was originally assigned to Assistant United States Attorney William Plugraph who on active duty in the United States Navy. The case was reassigned to the undersigned Assistant United States Attorney this week. Nonetheless, the undersigned Assistnat United States Attorney apologizes for the tardy submission.

1

Mancha's criminal history category over-represented his criminal conduct.

  3. On March 7, 2005, this Court rejected Mancha's arguments for a deviation and sentenced Mancha to 77 months in prison, the lowest end of the advisory sentencing guideline range.  Mancha was again represented by John Robbenhaar.

  4. Mancha did not appeal.

  5.  John Robbenhaar has been a licensed attorney in the State of New Mexico since 1995 and, during the last ten years, has handled hundreds of criminal cases and has represented hundreds of criminal defendants.

  6.  John Robbenhaar is familiar with the Federal Rules of Criminal Procedure and the Federal Rules of Appellate procedure.

  7.  John Robbenhaar discussed with Mancha the possibility of filing an appeal of the sentence imposed by this Court and informed Mancha of his right to appeal.

  8.  John Robbenhaar informed Mancha that his chances of obtaining a reversal from the Tenth Circuit Court of Appeals were slim, but informed Mancha that it was his, Mancha's, decision as to whether or not an appeal should be taken.

  9. John Robbenhaar did not try to dissuade Mancha from taking an appeal and agreed to file a notice of appeal if Mancha wanted to appeal

  10.  Mancha did not inform John Robbenhaar that he wished to appeal the sentence imposed by this Court.

  11. John Robbenhaar's testimony before this Court is credible.

  12. Mancha's testimony before this Court is incredible.

II.  Conclusions of Law

1. John Robbenhaar performed more than adequately at all times in representing Mancha.

2. John Robbenhaar was not constitutionally ineffective in failing to file a notice of appeal because Mancha did not inform John Robbenhaar that he wished to appeal.

3. Mancha also suffered no prejudice as a result of his decision not to appeal because, as observed by John Robbenhaar, Mancha had no appealable issue.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney


   Filed Electronically
NORMAN CAIRNS
Assistant United States Attorney
Post Office Box 607
Albuquerque, NM 87103
(505) 346-7274


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was faxed to counsel for Movant/ Defendant Fernando Mancha-Villegas, Armando Torrez, this 16th day of August 2006.

   Filed Electronically
NORMAN CAIRNS
Assistant United States Attorney

IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Plaintiff-Respondent, ) | CIVIL NO. | 05-1350 BB/LCS |
| ) | CRIM. NO. | 04-1852  JB |
| vs. ) | | |
| ) | | |
| FERNANDO MANCHA-VILLEGAS, ) | | |
| ) | | |
| Defendant-Movant. ) | | |
| ) | | |

THE UNITED STATES' PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW

On July 10, 2005, this Court order the United States to submit proposed findings of fact and conclusions of law in the above referenced case.[1]  The following is submitted.

I.  Findings of Fact

1.  On October 26, 2004, Movant Fernando Mancha-Villegas pled guilty an indictment charging a violation of 8 U.S.C. §§ 1326(a)(1), (2) and (b)(2).  Mancha was represented by CJA Panel Attorney John Robbenhaar.

2.   John Robbenhaar filed a sentencing memorandum with this Court seeking a deviation from the advisory sentencing guidelines and raised several arguments in support of a deviation based on the factors set forth in 18 U.S.C. § 3553(a) and also based on the argument

---

[1] This Court ordered the parties to submit findings of fact and conclusions of law by August 14, 2006.  This case was originally assigned to Assistant United States Attorney William Plugraph who on active duty in the United States Navy.  The case was reassigned to the undersigned Assistant United States Attorney this week.  Nonetheless, the undersigned Assistnat United States Attorney apologizes for the tardy submission.

1

Mancha's criminal history category over-represented his criminal conduct.

     3.  On March 7, 2005, this Court rejected Mancha's arguments for a deviation and sentenced Mancha to 77 months in prison, the lowest end of the advisory sentencing guideline range.  Mancha was again represented by John Robbenhaar.

     4.  Mancha did not appeal.

     5.  John Robbenhaar has been a licensed attorney in the State of New Mexico since 1995 and, during the last ten years, has handled hundreds of criminal cases and has represented hundreds of criminal defendants.

     6.  John Robbenhaar is familiar with the Federal Rules of Criminal Procedure and the Federal Rules of Appellate procedure.

     7.  John Robbenhaar discussed with Mancha the possibility of filing an appeal of the sentence imposed by this Court and informed Mancha of his right to appeal.

     8.  John Robbenhaar informed Mancha that his chances of obtaining a reversal from the Tenth Circuit Court of Appeals were slim, but informed Mancha that it was his, Mancha's, decision as to whether or not an appeal should be taken.

     9.  John Robbenhaar did not try to dissuade Mancha from taking an appeal and agreed to file a notice of appeal if Mancha wanted to appeal

     10.  Mancha did not inform John Robbenhaar that he wished to appeal the sentence imposed by this Court.

     11.  John Robbenhaar's testimony before this Court is credible.

     12.  Mancha's testimony before this Court is incredible.

## II. Conclusions of Law

1. John Robbenhaar performed more than adequately at all times in representing Mancha.

2. John Robbenhaar was not constitutionally ineffective in failing to file a notice of appeal because Mancha did not inform John Robbenhaar that he wished to appeal.

3. Mancha also suffered no prejudice as a result of his decision not to appeal because, as observed by John Robbenhaar, Mancha had no appealable issue.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

   Filed Electronically
NORMAN CAIRNS
Assistant United States Attorney
Post Office Box 607
Albuquerque, NM 87103
(505) 346-7274

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was faxed to counsel for Movant/ Defendant Fernando Mancha-Villegas, Armando Torrez, this 16th day of August 2006.

   Filed Electronically
NORMAN CAIRNS
Assistant United States Attorney

3

IN THE DISTRICT COURT FOR THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | CIVIL NO.   05-1350 BB/LCS |
| | ) | CRIM. NO.   04-1852  JB |
| vs. | ) | |
| | ) | |
| FERNANDO MANCHA-VILLEGAS, | ) | |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

THE UNITED STATES' PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW

On July 10, 2005, this Court order the United States to submit proposed findings of fact and conclusions of law in the above referenced case.[1]  The following is submitted.

I.  Findings of Fact

1.  On October 26, 2004, Movant Fernando Mancha-Villegas pled guilty an indictment charging a violation of 8 U.S.C. §§ 1326(a)(1), (2) and (b)(2).  Mancha was represented by CJA Panel Attorney John Robbenhaar.

2.   John Robbenhaar filed a sentencing memorandum with this Court seeking a deviation from the advisory sentencing guidelines and raised several arguments in support of a deviation based on the factors set forth in 18 U.S.C. § 3553(a) and also based on the argument

---

[1] This Court ordered the parties to submit findings of fact and conclusions of law by August 14, 2006.  This case was originally assigned to Assistant United States Attorney William Plugraph who on active duty in the United States Navy.  The case was reassigned to the undersigned Assistant United States Attorney this week.  Nonetheless, the undersigned Assistnat United States Attorney apologizes for the tardy submission.

1

Mancha's criminal history category over-represented his criminal conduct.

3. On March 7, 2005, this Court rejected Mancha's arguments for a deviation and sentenced Mancha to 77 months in prison, the lowest end of the advisory sentencing guideline range. Mancha was again represented by John Robbenhaar.

4. Mancha did not appeal.

5. John Robbenhaar has been a licensed attorney in the State of New Mexico since 1995 and, during the last ten years, has handled hundreds of criminal cases and has represented hundreds of criminal defendants.

6. John Robbenhaar is familiar with the Federal Rules of Criminal Procedure and the Federal Rules of Appellate procedure.

7. John Robbenhaar discussed with Mancha the possibility of filing an appeal of the sentence imposed by this Court and informed Mancha of his right to appeal.

8. John Robbenhaar informed Mancha that his chances of obtaining a reversal from the Tenth Circuit Court of Appeals were slim, but informed Mancha that it was his, Mancha's, decision as to whether or not an appeal should be taken.

9. John Robbenhaar did not try to dissuade Mancha from taking an appeal and agreed to file a notice of appeal if Mancha wanted to appeal

10. Mancha did not inform John Robbenhaar that he wished to appeal the sentence imposed by this Court.

11. John Robbenhaar's testimony before this Court is credible.

12. Mancha's testimony before this Court is incredible.

## II. Conclusions of Law

1. John Robbenhaar performed more than adequately at all times in representing Mancha.

2. John Robbenhaar was not constitutionally ineffective in failing to file a notice of appeal because Mancha did not inform John Robbenhaar that he wished to appeal.

3. Mancha also suffered no prejudice as a result of his decision not to appeal because, as observed by John Robbenhaar, Mancha had no appealable issue.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

    Filed Electronically
NORMAN CAIRNS
Assistant United States Attorney
Post Office Box 607
Albuquerque, NM 87103
(505) 346-7274

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was faxed to counsel for Movant/ Defendant Fernando Mancha-Villegas, Armando Torrez, this 16th day of August 2006.

    Filed Electronically
NORMAN CAIRNS
Assistant United States Attorney