**FILED**
**UNITED STATES DISTRICT COURT**
**ALBUQUERQUE, NEW MEXICO**

**AUG 2 4 2006**

**MATTHEW J. DYKMAN**
**CLERK**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.

        No. CIV 05-1350 BB/LCS
        No. CR 04-1852 BB

FERNANDO MANCHA-VILLEGAS,

        Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Mr. Mancha-Villegas's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed December 29, 2005. (Doc. 1.) Movant alleges that his attorney failed to file a notice of appeal; Movant also attacks the Sentence entered on March 7, 2005 in the case styled *United States of America v. Fernando Mancha-Villegas*, CR 04-1852 BB, United States District Court for the District of New Mexico. (*See* Doc. 1; *see also* Doc. 27/04CR1852.)

Having reviewed the petition and having considered the submissions and arguments of the parties, the testimony of the witnesses, the record herein, relevant authorities, and being otherwise fully advised, the Court finds that the petition should be **DENIED**.

### I. PROCEDURAL HISTORY

1. On September 16, 2004, a federal grand jury returned a one-count indictment against Movant. (Doc. 8/04CR1852.) The grand jury charged Mancha-Villegas, an alien with a prior felony conviction, with being found in New Mexico on June 10, 2004 in violation of 8 U.S.C. §§ 1326(a)(1)-(2) and (b)(1). (*Id.*)



2. On October 26, 2004, Mancha-Villegas pled guilty to the indictment pursuant to a plea agreement with the government. (Docs. 18, 19/04CR1852.) In his plea agreement, Movant stated that he understood his rights as a criminal defendant, and agreed to waive those rights. (Doc. 18/04CR1852 at 1-2.) Among other things, the plea agreement provides that Defendant understood the maximum sentence he faced was twenty years incarceration; that he agreed his sentence would be determined pursuant to the sentencing guidelines; that he understood the Court, and not a jury, would find the facts that would determine his offense level and criminal history category; that he waived any constitutional challenges he may have to the validity of the sentencing guidelines; and that he had reviewed the application of the guidelines with his attorney and understood the guideline range was uncertain and that he could not withdraw his plea if the Court departed from the applicable guideline range. (*Id.* at 2-3.) The plea agreement further provides that Defendant had thoroughly reviewed all aspects of his case with his attorney and was fully satisfied with his attorney's legal representation. (*Id.* at 1.)

3. In return, the United States stipulated that Defendant was entitled to a two-level reduction from the base offense level for acceptance of responsibility, contingent on Defendant providing a statement to the Probation officer. (*Id.* at 4.) The Government agreed that if Mancha-Villegas met certain requirements, the Government would move at the time of sentencing for a reduction of one additional level from the base offense level. (*Id.*) Finally, the Government agreed to recommend a sentence at the low end of the sentencing guideline range and not to bring further charges against Defendant arising out of the charged conduct. (*Id.* at 5.)

4. Movant's total offense level, as calculated in the Presentence Investigation Report, was 21, and his Criminal History Category was VI. (*See* PSIR at 5, 9.) The resulting

2

sentencing guideline range was 77 to 96 months imprisonment. (*See* PSIR at 13.) Prior to Mr. Mancha-Villegas's sentencing hearing, Mr. Robbenhaar filed a sentencing memorandum seeking a deviation from the advisory sentencing guidelines and raised several arguments in support of a deviation based on the factors set forth in 18 U.S.C. § 3553(a) and on the argument that Movant's criminal history category over-represented his criminal conduct. (Doc. 23/04CR1852.) On March 7, 2005, the Honorable Bruce D. Black rejected Movant's arguments for a deviation, adopted the findings and guideline summary in the Presentence Investigation Report, and sentenced Mr. Mancha-Villegas to 77 months in prison, the lowest end of the advisory sentencing guideline range. (Doc. 27/04CR1852). Mr. Robbenhaar represented Movant at his sentencing hearing.

5.  I appointed counsel for Mr. Mancha-Villegas and held a hearing by video conference on August 17, 2006. (*See* Doc. 7.) Both Movant and Mr. John F. Robbenhaar, who was Movant's attorney during all relevant criminal proceedings, testified under oath at the video conference. (*See* Doc. 19.)

## II.  PROPOSED FINDINGS OF FACTS

From the record and based on the testimony of the witnesses at the hearing, I recommend the following findings:

6.  At the conclusion of the sentencing hearing, but prior to the removal of Mr. Mancha-Villegas from the courtroom, Mr. Robbenhaar advised Mr. Mancha-Villegas that he had ten days from the entry of judgment to file an appeal of the decision of the Court. (*See* Docs. 17 at 2; 18 at 2.)

7.  On the day of his sentencing, Mr. Mancha-Villegas did not indicate to Mr.

Robbenhaar whether or not he wanted to pursue an appeal of the sentence imposed. (*See* Docs. 17 at 2; 18 at 2.)

8. On March 16, 2005, Mr. Robbenhaar spoke to Mr. Mancha-Villegas by telephone and again discussed his appellate rights. During this conversation, Mr. Robbenhaar believes that he told Movant that the chances of success on appeal would be slim, because Movant had been sentenced within the appropriate guideline range and within the maximum statutory sentence of twenty years. Mr. Robbenhaar told Mr. Mancha-Villegas that if he wanted Mr. Robbenhaar to file an appeal, he would do so. Movant stated that he did not want to pursue an appeal. (*See* Docs. 17 at 2; 18 at 2.)

9. Mr. Robbenhaar has been a licensed attorney in the State of New Mexico since 1995 and has handled hundreds of criminal cases and represented hundreds of criminal defendants. Mr. Robbenhaar is familiar with the Federal Rules of Criminal Procedure and the Federal Rules of Appellate Procedure. (*See* Doc. 4, Ex. 1 at 1-2.)

10. Mr. Robbenhaar discussed with Movant the possibility of filing an appeal of the sentence imposed by the Court and informed Movant of his right to appeal on at least two occasions. Mr. Mancha-Villegas did not inform Mr. Robbchaar that he wished to appeal the sentence. (*See* Docs. 17 at 2; 18 at 2.)

11. Mr. Robbenhaar speaks Spanish and had no reason to believe that Mr. Mancha-Villegas did not understand their conversations. (*See* Doc. 4, Ex. 1 at 2, 4-6.)

12. After considering the submissions and testimony of the parties, the Court recommends finding that Mr. Mancha-Villegas did in fact understand all of his conversations with Mr. Robbenhaar concerning his right to appeal.

4

### III.  ANALYSIS

Movant raises the following issues in his Petition:

I. Whether the sentencing judge violated Movant's rights under *Booker* by allegedly imposing a "mandatory" sentence.

II. Whether counsel was ineffective for failing to file a notice of appeal after Movant requested Counsel to file such notice.

13. After reviewing the motions, files, and records of the case, if this Court has any question as to whether the prisoner is entitled to relief, 28 U.S.C. § 2255 directs that I hold an evidentiary hearing to "determine the issues and make findings of fact . . . ." I held this hearing on August 17, 2006. When reviewing the motions, the Court will liberally construe a *pro se* litigant's pleadings and hold them to a less stringent standard than pleadings drafted by an attorney. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

### A.  The Sentencing Judge Did Not Violate Movant's Rights Under *Booker*.

14. Movant is procedurally barred from raising the *Booker* issue because he did not raise it on direct appeal. A defendant may not bring a § 2255 motion "to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citing *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993)); *see also United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004). Failing "to present an issue on direct appeal bars [the defendant] from raising the issue in his § 2255 motion . . . ." *Warner*, 23 F.3d at 291 (citing *Cook*, 997 F.2d at 1320). Mr. Mancha-Villegas pled guilty and did not raise this claim on direct appeal, so it is subject to this procedural bar. The only way Movant can bypass this rule is to "show cause excusing his procedural default and actual prejudice resulting

from the errors of which he complains[,]" or that he is actually innocent of his crimes. *Id.* (citing *Cook*, 997 F.2d at 1320); *see also Davis v. United States*, 417 U.S. 333, 346 (1974). Mr. Mancha-Villegas is not claiming actual innocence, so his procedural default will not be excused on that ground.

15. Nor does Movant allege any facts to show cause for not raising this issue on appeal. Even if there were good cause, Mr. Mancha-Villegas cannot show prejudice because his claim would fail on the merits. Movant's *Booker* claim fails because "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). To rebut this deferential standard, Movant must demonstrate that his sentence was "unreasonable when viewed against the other factors delineated in [18 U.S.C.] § 3553(a)." *Id.* (citing *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005)). Movant has offered no evidence that his sentence was unreasonable, nor can this Court find any.[1] Accordingly, I recommend that Movant's petition be denied on the merits.

### B. Movant Fails to Demonstrate Ineffective Assistance of Counsel.

16. Movant has not shown that his attorney was ineffective by advising Movant that his chances of success on appeal would be slim.

> The framework for evaluating an ineffective-assistance-of-counsel claim based on counsel's failure to file a notice of appeal is set forth in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). A defendant making such a claim must show that "counsel's representation fell

---

[1] The Court notes that the primary reason Movant cannot demonstrate his sentence was unreasonable is based on the fact that Movant failed to submit a brief based on his own sentence. Page four of Movant's "Points and Authorities" reads: "Booker, [sic] provides the correct interpretation of the law as it stood in 1999 when petitioner was tried and sentenced . . . ." (Doc. 1, Points and Authorities at 4.) Mr. Mancha-Villegas was sentenced in 2005.

6

below an objective standard of reasonableness" and that "counsel's deficient performance prejudiced" him. *Id.* at 476-77, 120 S.Ct. 1029 (internal quotation marks omitted). If trial counsel has discussed the possibility of appeal with the defendant, he "performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478, 120 S.Ct. 1029.

*United States v. Alvarez-Perez*, No. 05-2068, 2006 WL 23577, at *1 (10th Cir., Jan. 5, 2006).

17. Here, Mr. Mancha-Villegas admits that he did not expressly instruct Mr. Robbenhaar to file an appeal. (*See* Doc. 17 at 2.) Movant merely claims that he took Mr. Robbenhaar's advice not to pursue an appeal. (*Id.*) Federal courts "give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir.2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). The Court must, therefore, presume that Mr. Robbenhaar gave reasonable advice; Mr. Mancha-Villegas must overcome that presumption. Movant has offered nothing to demonstrate Mr. Robbenhaar's advice was unreasonable, nor has he shown that, but for the advice, Movant would have prevailed on appeal. Movant cannot meet either of *Strickland*'s prongs, and I recommend his ineffective assistance claim be denied on the merits.

### III. RECOMMENDATION

18. I recommend that Mr. Mancha-Villegas's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED**. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to

7

§ 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE

Westlaw.

162 Fed.Appx. 797
162 Fed.Appx. 797, 2006 WL 23577 (C.A.10 (N.M.))
**(Cite as: 162 Fed.Appx. 797)**

Page 1

**H**
Briefs and Other Related Documents
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)
United States Court of Appeals,Tenth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ignacio ALVAREZ-PEREZ, Defendant-Appellant.
**No. 05-2068.**

Jan. 5, 2006.

**Background:** Defendant, who was convicted by jury on three drug charges, filed motion to vacate. The United States District Court for the District of New Mexico dismissed motion with prejudice and denied certificate of appealability (COA). Defendant appealed, requesting COA.

**Holding:** The Court of Appeals, Harry L. Hartz, Circuit Judge, held that defendant was not entitled to COA permitting appeal from denial of ineffective assistance of counsel claim.

Appeal dismissed.

West Headnotes

**Criminal Law 110 ⚖ 1073**

110 Criminal Law
   110XXIV Review
      110XXIV(F) Proceedings, Generally
         110k1073 k. Certificate of Probable Cause or Reasonable Doubt. Most Cited Cases
No reasonable jurist could determine that defendant established ineffective assistance of counsel based on trial counsel's failure to file direct appeal from defendant's conviction on drug charges, and therefore defendant was not entitled to certificate of appealability (COA) permitting appeal from denial of motion to vacate raising ineffectiveness claim, given defendant's failure to show that counsel performed deficiently in advising that there were no grounds for appeal and magistrate judge's findings that defendant accepted counsel's advice, which were not clearly erroneous. U.S.C.A. Const.Amend. 6; 28 U.S.C.A. §§ 2253(c)(2), 2255.

*798 David C. Iglesias, U.S. Attorney, Office of the United States Attorney, District of New Mexico, Norman Cairns, U.S. Attorney's Office, Albuquerque, NM, Mick I.R. Gutierrez, Office of the United States Attorney, District of New Mexico, Las Cruces, NM, for Plaintiff-Appellee.
Leon Schydlower, El Paso, TX, Defendant-Appellant.

Before HARTZ, Circuit Judge, SEYMOUR, Senior Circuit Judge, and McCONNELL, Circuit Judge.

**ORDER**
HARRIS L. HARTZ, Circuit Judge.

**1** Ignacio Alvarez-Perez was convicted by a jury in the United States District Court for the District of New Mexico on three drug charges. On April 2, 2003, he was sentenced to 151 months in federal prison. On April 5, 2004, he filed a motion for a writ of habeas corpus under 28 U.S.C. § 2255, arguing that he was denied effective assistance of counsel when his trial counsel failed to appeal his conviction despite his instructions to do so. The district court dismissed the motion with prejudice and denied a certificate of appealability (COA). *see* 28 U.S.C. § 2253(c)(1) (requiring COA). We deny a COA for substantially the same reasons.

**I. BACKGROUND**

The magistrate judge in the § 2255 proceeding held an evidentiary hearing at which Mr. Alvarez-Perez and his trial counsel, Paul Rubino, testified. Mr. Alvarez-Perez testified that he told Mr. Rubino after the sentencing hearing that he "was not comfortable with the amount of time that I had been given" and that "I wanted for him to file an appeal for me." Supp. Vol. 1 at 8. He also testified that afterwards he was under the impression that Mr. Rubino had filed an appeal. Mr. Rubino's testimony was to the contrary. Although he agreed that he and Mr. Alvarez-Perez had discussed filing an appeal, he said that he had told Mr. Alvarez-Perez that there was no basis for an appeal, and that Mr. Alvarez-Perez's response had been " 'don't file an appeal if there is no basis.' " *Id.* at 22.

The magistrate judge believed Mr. Rubino: "Having heard the testimony of the witnesses and observing their demeanor

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.
162 Fed.Appx. 797
162 Fed.Appx. 797, 2006 WL 23577 (C.A.10 (N.M.))
(Cite as: 162 Fed.Appx. 797)

Page 2

during the hearing, I find trial counsel's testimony credible." Magistrate Judge's Proposed Findings and Recommended Disposition at 3. The magistrate judge noted Mr. Alvarez-Perez's concession that "perhaps, [Mr. Rubino] did not understand me" and observed that "[a]t best, this is a case where Alvarez-Perez failed to clearly convey his wishes that Rubino file an appeal." *Id.* The magistrate judge recommended that Mr. Alvarez-Perez's § 2255 motion be denied. The district court adopted the magistrate judge's proposed findings and recommended disposition, dismissing the habeas motion.

## II. DISCUSSION

"A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The framework for evaluating an ineffective-assistance-of-counsel claim based *799 on counsel's failure to file a notice of appeal is set forth in *Roe v. Flores-Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). A defendant making such a claim must show that "counsel's representation fell below an objective standard of reasonableness" and that "counsel's deficient performance prejudiced" him. *Id.* at 476-77, 120 S.Ct. 1029 (internal quotation marks omitted). If trial counsel has discussed the possibility of appeal with the defendant, he "performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478, 120 S.Ct. 1029. Failure to follow the defendant's express instructions to file an appeal also establishes prejudice. *Id.* at 484, 120 S.Ct. 1029.

**2 On appeal Mr. Alvarez-Perez argues that there was a basis for appeal because Mr. Rubino joined in a co-defendant's motion for a new trial. But that motion was denied, and Mr. Alvarez-Perez has not bothered to argue the merits of the issues raised by the motion. He has not shown that Mr. Rubino performed deficiently in advising that there were no grounds for appeal, and the magistrate judge found that Mr. Alvarez-Perez accepted Mr. Rubino's advice. We review the district court's factual findings for clear error. *English v. Cody,* 241 F.3d 1279, 1282 (10th Cir.2001). We review credibility findings with even greater deference-"[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses ... that finding ... can virtually never be clear error." *Anderson v. City of Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). The magistrate judge's findings here are not clearly erroneous. Therefore, no reasonable jurist could determine that the district court erred in denying Mr. Alvarez-Perez's ineffectiveness claim.

We DENY a COA and dismiss the appeal.

C.A.10 (N.M.),2006.
U.S. v. Alvarez-Perez
162 Fed.Appx. 797, 2006 WL 23577 (C.A.10 (N.M.))

Briefs and Other Related Documents (Back to top)

• 2005 WL 2481613 (Appellate Brief) Appellant's Opening Brief (Jul. 28, 2005) Original Image of this Document (PDF)
• 05-2068 (Docket) (Mar. 17, 2005)

END OF DOCUMENT